CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 25 2013

JULIA C[OO]LEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **WILBY JAMES BRANHAM,** | CASE NO. 7:13CV00066 |
| **Plaintiff,** | |
| v. | MEMORANDUM OPINION |
| **AMHERST COUNTY ADULT DETENTION CENTER,** | By: James C. Turk<br>Senior United States District Judge |
| **Defendant.** | |

Wilby James Branham, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that jail conditions and regulation violate his right to free exercise of his religious beliefs. Upon review of the record, the court finds that the action must be summarily dismissed.[1]

I

Branham complains about various conditions at the Amherst County Detention Center ("ACDC"), where he was incarcerated when he filed this lawsuit.[2] Branham alleges that he is Muslim and believes that he should not eat meat from an animal that was not "killed in the name of 'Allah.'" (Compl. at 2.) ACDC officials provided him with kosher meals, but on three occasions, bugs or hair were found in the jail's kosher meals. These incidents "forced" Branham to ask to be removed from the kosher diet, and he was then forced to eat meat that violated his religious beliefs.

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

[2] Branham has since notified the court that he is now incarcerated at a different jail.

Branham also complains that at ACDC, he was not allowed to have a "prayer rug" in his cell for security reasons. Officials provided him with a towel on which he could perform "salaat" (prayer), but this towel had previously been used by other inmates. (Id.) Finally, Branham asserts that at ACDC, he was "forced to use a toothpaste (Colgate) which has 'pork' product in it," a practice considered sinful under his religious beliefs. As relief in this action, Branham asks that the state look into jail practices, a request the court construes as seeking injunctive or declaratory relief.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). ACDC, the only defendant Branham has named in this action, as a local jail facility, is not a "person" subject to suit under § 1983. Preval v. Reno, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding city jail immune from suit and not a person for purposes of § 1983). Therefore, Branham's claims must be summarily dismissed without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.

Moreover, Branham's claims for relief in this action must also be dismissed as moot, as he is now confined at a different jail facility. The transfer or release of a prisoner generally

renders moot any claims for injunctive or declaratory relief relating to the former place of confinement, because he is no longer subject to the conditions of which he complained. See County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991) (finding prisoner's transfer rendered moot his claims for injunctive and declaratory relief); Magee v. Waters, 810 F.2d 451, 452 (4th Cir.1987) (holding that transfer of a prisoner rendered moot his claim for injunctive relief); Martin–Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir.1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

For the reasons stated, the court summarily dismisses the complaint under § 1915A(b)(1) as legally frivolous. An appropriate order will enter this day. The Clerk will send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 25th day of April, 2013.

/s/ James C. Turk
Senior United States District Judge